Case number 13-7060, Ernest Durant, Appellant v. District of Columbia Government Mr. Shelley for the Amethyst Caride, Ms. Johnson for the Appellee Good morning and may it please the Court, I'm Anthony Shelley here at the amicus on the District of Columbia Government. Mr. Durant, I want to begin by saying that over the past several years, between 2000 and 2010, his employer, the District of Columbia, took purposeful and systematic adverse action against him, ultimately resulting in his termination, all in retaliation for filing discrimination lawsuits and complaints against the District. The District Court faulted both sides for a disorganized record, but nonetheless entered summary judgment for the District and against Mr. Durant. While the District Court's frustration is understandable, it was wrong to enter summary judgment against him for a variety of reasons, dividing into the periods at issue between 2000 and 2010. And I'd like to get to that in a second, because I'd like to address subject matter jurisdiction first. The Court appointed me in order to address that issue, and so I'd like to give a brief run through. I take it the Government agrees that there's subject matter jurisdiction. We do. Why don't we just pause and see whether anybody on the bench has a problem or question about subject matter jurisdiction? No. I think you won the point. Excellent. Good start. Then I'd like to divide the case into the episodes the District Court did, which is first of all, it said there were essentially three segments to the retaliation claim. First of all, there was the adverse action prior to October 1, 2007. Then there was the adverse action post-October 1, 2007 that didn't include the RIF, the reduction in force. And then there was the reduction in force. It entered summary judgment for the District on different grounds for each of those episodes. So with respect, first of all, to the pre-October 2007 episode, the District Court said Durant conceded this point, that it was untimely, that his challenges on retaliation grounds to the pre-October 2007 adverse actions that they failed to exhaust with the EEOC or the Human Rights Commission, and the District made the argument. He didn't respond to it at all. And as a result, the judge entered summary judgment based on concession. That's now wrong under the Winston and Strahm decision issued by this Court in the meantime, which says that summary judgment can't be entered on concession. So that has to be vacated. The only argument- But the Court went on to say that it considered the record. Well, it had a footnote. Yeah, well, that doesn't really matter, does it? Well, in any event, let's forget the fact that it is a footnote. I know that. But the Court went on to say that I deem it conceded, which is wrong. It's a legal error. It's a mistake. But then the Court said it went on to look at the record and reach its own conclusion. Yes? No? It reached the wrong conclusion in the footnote. First of all, it said it noted this. But if it's deemed to be an alternative holding, for instance, it was a wrong conclusion for a number of reasons. First of all, on this exhaustion defense, it was the district that had the burden of proof. So it had to, in order to get summary judgment- So this is an argument that you don't make until your reply brief, which I think is a correct argument, that it's affirmative defense. But nobody made that argument below, and you didn't even make it until your reply brief that timeliness is an affirmative defense. That is true. But we did argue at the very start in our opening brief that, in fact, the district court put the burden, wrongly put the burden on him for summary judgment. As to everything. As to everything. Which is wrong under Celotex. Either that or you are misinterpreting. Excuse me? Well, the burden, since the plaintiff has the burden, on summary judgment, in the end, the burden is on the plaintiff. That's what the Court held expressly in Celotex. That's what we held in Grimes, I think. Right? So the only way you are correct about this is that the burden actually is different with respect to an affirmative defense. Well, no, I think in Grimes, the Court held that the moving party has a burden. And the burden is to identify the bases for summary judgment that you're seeking and to point to the parts of the record that show there's no dispute. And the Court specifically adopted Justice White's concurrence in Celotex, noting that you don't have to come forward with your own affirmative evidence, but you must point to evidence in the record. So we have a situation here, and I think this is kind of the way it seems to be playing out. We have a situation where the defendant is effectively saying, we're responding to that responsibility under Rule 56. There's nothing there. There's nothing else for us to point to because, in our view, the record is deficient. It's devoid of that which the plaintiff carries the burden of showing. So the plaintiff still carries the burden to prove the case, and the defendant has to say something in support of the motion, but the defendant can say there's absolutely nothing in the record. And the defendant should then point to the parts of the record where there's nothing. No, no, no, that makes no sense. I was afraid you would say that. That makes no sense. Why can't I come as counsel and say, Your Honor, I've read everything in here. I'm not going to try and make up something and then cut it down to make the point. I'm telling you there's absolutely nothing in the record, and they are not asserting any basis. Well, I think the proper way for the district to have done this was to point to, whether it's his deposition or the exhibits, for instance, the exhibits, for instance, to his opposition to the motion for summary judgment and say there's nothing in there that says he filed any EEOC claims. I don't mean to interrupt, but I want to catch the point. I forget things too quickly. Suppose the plaintiff has not identified any of those things. But he has. As satisfying his obligation to file. Does the record indicate that he? Yes. So the district court in the split note says there's nothing in the record. Before we get to that, now you're saying there is evidence in the record. I just want to be clear about the burdens here. Okay. So imagine that the plaintiff's complaint says I was discriminated against by an adverse action on October 18th. Okay. There is no evidence in the record of anything ever happening on October 18th. Right. Nothing in the depositions, nothing in the affidavits. Isn't it enough for the court to say there is nothing in the record about October 18th? Yes. And isn't it enough for the defendant to say there's nothing in the record? Yes. The moving party should say I've looked through the interrogatory response. I've looked through the deposition testimony. There's nothing in here that suggested an event occurred on that particular day at all. Okay. But so here it's the court's, because it's conceded in a sense that nothing is, there's no answer, it's the court's obligation to look at the record. The court looked at the record, and the court said I don't see anything indicating a timely charge. So that should be the end of it, unless now you say there is something in the record. Yes. Okay. Then we have a totally different point. Right. We should have just jumped to that if you think it really is. But it's important to the other parts of the case, though, exactly, this burden, who has the burden when you are a moving party on summary judgment and you don't have the burden of proof. It's a difficult issue, and it's one that Celotex treats, both in Justice Weiss' concurrence and in Justice Hunt. I don't think this is difficult. I don't think it's difficult. This is something we do every day, every summary judgment. There has to be something that you're shooting at, and we're trying to figure out which way you're arguing it. Well, in this case, the district should have pointed to the parts where Mr. Durant, of the record, where Mr. Durant was talking about his prior filings with the district and with the EEOC. Wait, let me back up a little bit. Did Durant at some point, are you arguing that Durant at some point indicated to the court and to the opposition, here's what I think satisfied my filing requirement, satisfied the 180-day requirement. Here's the thing I'm looking at. This is what I'm resting on. So now we move on to where Chief Judge Garland said, that's what I should have argued in the first place, which is yes. So he files, he includes in his summary judgment opposition, he includes the right to sue letter that the EEOC sent him, which comes in October of 2000, the end of 2009, noting we haven't acted on your EEOC complaints. Now, we're not going to, so you can go to court, which makes it absolutely clear the footnote's wrong, that he did file. Well, which complaint was that referred to? There has to be something within the 180 days. Yes. What was it? How do you get me there? That is, the plaintiff is asserting, I did file within 180 days. How does the paper show me that, and where did he argue that? So at page A387 of the appendix, A387, his lawyer below files opposition to summary judgment and says, beginning in 2007, Mr. Durant filed numerous complaints through the Office of Human Rights and the EEOC discrimination based on reprisal under Title VII and age under the ADA. I'm sorry, say that again. This is page A387. This is his response to the summary judgment motion, and the district court didn't see this. And then in addition. What was the evidence he's pointing at? This is not evidence. This is a brief. Correct. This is, that is the one thing I will say is deficient about the summary judgment presentation below. There isn't citation after each thing as to where this is in the record. But I do know that the right to sue letter appears then in the record at page 496. But that's October 2009. Correct. But it notes in the next page that he at least filed complaints in August of 2009. And he notes. That's too late. It has to be something within 180 days. Well, 300 days before, if the statement in the summary judgment motion, the opposition, is correct, that he filed in 2007 things at the D.C. Human Rights Office. Point me to something. What's your best argument there? Is it the pre-complaint EEOC form that he signed on September 26th? In the record. I obviously didn't break the record below, but that's the best thing in the record. Right. That's the best thing, right? That's the best thing. In 2007, he filed the pre-complaint. But he says, in addition, in his opposition and his complaints and elsewhere, that he filed in 2007 a number of other complaints. There are other things, but I don't get you to be arguing that they would satisfy the filing requirements, right? Well, I don't know because I don't know what the exact facts are. The only thing in the record is the pre-complaint filing. Now, do you think the 2009 letter from the EEOC is referring back to that pre-complaint form? Again, I don't know, but it's a disputed fact, and the issue should be granted if there's a dispute about this. Look at the top of 496. It has the complaint number, right? 570-2008-00315. What page are you looking at? 496. This is a practice who letter you're talking about, right? Yes. And now look at AA110, which is the charge he filed with the EEOC. What date is that? That's August 2008. And if you look at the top, it's the same charge number. No, that's – I will concede – So it can't – this is what this – Based on this record – This is what this charge is about, yeah. That's what this charge is about. And if this were the only thing in the record, if this is the only evidence in the record, that that's the only EEOC charge he filed, he'd have 300 days prior to that. So you wouldn't have the transfer, which occurred more than 300 days before that. You wouldn't have the administrative leave. He wouldn't have things that occurred in early 2007, for instance. All the way through. Back to 2000. But it's all the way through August. It's all the way through the last. Of the 2007 things he's complaining about, the administrative leave ended August 13th, and he was transferred August 14th. Correct. Those things would be outside this limit. But his statements in his summary judgment opposition, plus the pre-complaint that was filed in 2007, his indication that he filed things at the Human Rights Office, they may not be properly documented in this record, and at least our position would be that the district court should have, before granting summary judgment, should have at least brought this up to Durant and given him an opportunity to state why those are adequate. I also wanted to mention that he does make statements in his complaint and elsewhere that the district hid evidence from him throughout. He tried. Every time they would do something to him, he would ask for the reasoning for it. He would ask for the record. He would ask for copies of various things that he knew were going to be in his personnel file as a result, and he never got them until very late, until 2009, I think he said. As a result, you could argue there's some kind of a tolling that goes on or a concealment as a result that he couldn't file the right EEOC charges. He didn't make any argument like that. He didn't. He didn't, but he didn't respond at all, and he was pro se by the time. No, but not at this point. Not at this point. Right. In opposition to summary judgment, he did have an attorney. So that was the one episode. There are obviously two other episodes, and I see I'm into my rebuttal time already, and the only thing I guess before I sit down, I'd like to just go over the RIFT for a second, because the RIFT was something that was at first, and the district court found, though, that the District of Columbia had put forth an adequate legitimate reason for getting rid of Mr. Durand, but we made two points on that. One was that the person who supposedly stated this legitimate reason wasn't the decision maker, and the district never cited it as a legitimate reason. The district court only found it on its own. The district never made this argument that the RIFT was a legitimate reason for getting rid of, that it was based on economics rather than retaliation. So that's the first reason we gave. The second reason we noted is that there's circumstantial evidence that his termination occurred quickly after his filing of the complaint in the district court and another one at the EEOC, which was circumstantial enough to get this to the jury. Plus, we had the same officials being cited by the PERB previously for retaliation. Some of the workers were rehired. He wasn't rehired. And if this was all economic-based, why were these people rehired? And he was the only one escorted out of the office for the RIFT and given administrative leave, which indicates he was single-backed. So we think there was enough evidence on that to get this to the jury, and I see my time is up. Further questions? Good morning. May it please the court. Holly Johnson for the District of Columbia. The live claim that is before this court is the 2010 RIFT. That's the claim that was properly preserved. That is the claim which clearly involved a materially adverse action, and so that's the claim I want to address today. Mr. Durant never offered evidence that the district's reasons for taking that action were pretext. The district, in its statement of material facts, in its motion for summary judgment, stated that the separation was due to a reduction in force. A reduction in force is a term of art that is not personal to the individual. It explains that it abolished the entire warrant squad. And then there was other public record evidence that the district court relied on that stated that because of budgetary reasons, I think well-known throughout the district and cited in many cases, there were a lot of RIFTs around that time, that the department had to abolish 45 full-time positions. And those are positions it's not getting back. And it had to separate 13 people. And part of that decision was abolishing the warrant squad. And Mr. Durant was in the warrant squad. And there's been no evidence to challenge that legitimate, non-retaliatory reason for taking action. Now, let's suppose, I guess, I want to make sure I understand what the district's position is about how summary judgment is supposed to work so that we can address that. So my view, and I want to see if you agree with this, is that in summary judgment motion by a defendant, with respect to the elements of the cause of action, the defendant can follow essentially a one-page motion that says, we are being sued for Claim A. And the elements of that cause of action are 1, 2, 3, and 4. And the plaintiff has no evidence of any of those elements or no evidence of Element 4. And therefore, we're entitled to summary judgment. End of motion. I agree. And then the plaintiff has to come back because he has the burden of proof and say, no, that's not right. There's a disputed issue of material fact as to Element 4. And here's my competent evidence in support of my proof of Element 4. And if they do that and the defense does nothing else, then motion is denied and you're going to have a trot. Right? Yes. If the record as a whole, based on the evidence introduced by the defendant, that's different from your hypothetical, but based on the evidence introduced by any party, it all turns into one record. If the evidence as a whole is insufficient for a jury to find that the misconduct alleged occurred, then the summary judgment is warranted. And if the evidence is sufficient, then they go to trial. But the point is that the defense doesn't have any burden to kind of, like, put forth where the absence of evidence is in their motion. They can just say there is no evidence as to Element 4. That's correct. And it's even a bit strange to say that they need to point to places in the record where there's no evidence because the record is being created. But if your defense is an affirmative defense, then it's flipped. Or not flipped, it's we move for summary judgment on our affirmative defense, and here is our evidence establishing our affirmative defense that is not or can't be controverted, and you have to point to that evidence in order to get summary judgment. Just like if a plaintiff filed for summary judgment, they can't just file something and say, we win, they have to point to the evidence supporting the elements of their claim. Let me just make sure I'm understanding the answer to that. I understood, at least implicitly, that your answer to that, although I'm not sure any of this was fully joined, was that in a case of time when it's all right, we have the burden of proof, it's an affirmative defense, but we can say nothing was filed because nothing else for us to point to. And we can go through every page and show you that nothing was filed that would satisfy the law, but we'd rather just say it's not there, we can't find it, we've combed every page. That's your argument, I think. That is our argument. That's your satisfying, and it's all you, as I'm understanding, you're saying it's only if the plaintiff has pointed to something that you can say, no, we carry the burden to show, and we will carry the burden to show that that doesn't meet it. But your argument is the plaintiff hasn't pointed to anything, and we can't find it. That's correct. And I have a couple other points I'd like to make under this, because I think it's important. This Court has held that the requirement to exhaust your administrative remedies under the EEOC is an affirmative defense. But not all affirmative defenses are created equal, and this Court has never held that the defendant has an evidentiary burden of proving a failure to exhaust. And indeed, had that been raised below, I feel certain we could have put up an affidavit that said, hey, we looked, we sought this information. The point is that Mr. Durant knows whether he filed an EEOC charge. But your brief before us doesn't even say what you think the charge was and what dates are encompassed. Because that information isn't in the record. Now, the motion to dismiss, the motion to dismiss record includes – So how are we supposed to resolve it? Well, Mr. Durant has – On the defense that you're bringing, and you're saying the information isn't in the record and you don't identify it in the brief, but we're just supposed to decide it? Mr. Durant has to show that he has exhausted his administrative remedies. Indeed, I will note that there are some circuits that don't even treat the affirmative defense of exhaustion with the EEOC similar to other affirmative defenses. It's a condition precedent to suit that is set forth in Title VII itself. And Mr. Durant has never alleged himself, personally, that he made an EEOC charge prior to August 2008. The district based its argument He says in his complaint, and he says in opposition to summary judgment, hey, I have a right to sue letter. He does have a right to sue letter, but it does not show that he made a timely charge for the pre-October 2007 claims. In fact, the right to sue letter refers back to the August 2008 charge. to make out his case. Well, let me be clear with what I'm saying. I'm not saying he has to produce the charge. I'm saying he has to produce some evidence that he made a charge. I think an affidavit might do something for that. The right to sue letter says that there was a charge. Right, and it refers to a number to the charge, and that charge was filed in August 2008, which is too late for the pre-October 2007 claims. But your brief doesn't even refer to that as a charge, and your brief said that the record suggests that Durant filed an EEOC charge at some point before April 2009. That's correct. I was basing my brief on the right to sue letter in the summary judgment record. As I just noted, the August 2008 charge is in the motion to dismiss record, which I wasn't looking at until it was included by amicus in the appendix. It's not actually part of the summary judgment record. So now I recognize that there is an August 2008 charge. There's no evidence of a charge before then. It is a condition precedent to suit. The district does not have access to this information. The district does not get information from the EEOC unless a charge is filed,  He has never claimed that he made an EEOC charge prior to that, not in this appeal, not in the litigation below, and nobody argued below that the district had to produce affirmative evidence of like an affidavit saying we couldn't find this in the record. So let me put my old hat as a district court judge back on, because one thing that drove me crazy was trying to pick through summary judgment motions where the parties made a bunch of arguments, but you couldn't figure out where the evidence was in support of any of those arguments. So you're saying that the way that this plays out for a district court judge is that the defense can just say there's no evidence of a charge and we don't have to really look for it, we don't have to take any discovery from the plaintiff on it or from the EEOC on that issue, and if the plaintiff doesn't present it, then you still have to grant summary judgment to us and guess on what the date of the charge is, Judge. That's the way that summary judgment in these cases is supposed to work. I have two responses to that. Number one is that's the way that summary judgment on Title VII exhaustion occurs on a daily basis in the district court. That is the way it's done. And my second response is the plaintiff didn't respond. And while Winston and Strawn says that a district court can't refuse to consider the merits, it does not say that the district court cannot consider factual questions forfeited. In fact, it says that the district court can view facts as undisputed, and the District of Columbia asserted that Mr. Durant had not exhausted his administrative remedies by filing an EEOC charge for any claims pre-October 2007, and he did not respond to that. The district court could treat that fact as conceded as well. So if you had filed in your opposition or in your motion for summary judgment that there was a riff and that's why he was terminated but presented no evidence and he didn't respond to that, he just filed no response, then summary judgment could be granted as conceded because you would just say that that's a fact that he didn't respond to. Well, and that's where there's some tension between Winston and Strawn, which there hasn't been any follow-up cases on, so we don't really know the scope of that. There's some tension between that and the rules regarding forfeiture and the statement that you can treat a fact as conceded. Why isn't that hypo the exact same as the circumstance with this exhaustion point? Because Mr. Durant did respond to our motion for summary judgment. He responded with every claim he wanted to pursue, and he didn't respond with regard to the pre-2007 claims. Again, this happens a lot. In fact, when the district filed its motion for summary judgment, it had no idea what claims Mr. Durant was actually bringing. His complaint had been filed many times, and it was very confusing. They didn't know if he was pursuing union claims, they didn't know if he was pursuing race and age claims. The district did the best it could, the trial counsel did the best they could, to present a motion that explained the problems with all the different claims. What about the language at 387 that your friend on the other side just pointed out? In the opposition to summary judgment? Yeah. That's an assertion by counsel with no citation to the record. This record is full of assertions by that attorney with no citations to the record. Some of them are supported, some of them are not. And that's not evidence, and this court has never held that it is evidence. And considering the fact that Mr. Durant, even when he has filed his own motions before this court, has never said, I remember filing a charge with the EEOC, he would know he has to file it under oath. So every assertion, every evidentiary assertion that the district made in its brief was accompanied by a statement of undisputed fact where it set forth that assertion and the evidence that supported that assertion the way that the local rules require. In its motion below? Absolutely not. No. The briefing definitely could have been better below. Well, I mean, isn't sauce for the goose, sauce for the gander? No, because the district on this point did raise this point. There are other points that perhaps weren't as well supported. But the district court went through, looked at the record, and that's what this court is looking at. This court is looking at the record and found that there was no evidence to support a claim. It's interesting. You're almost arguing, if you take only the pre-2007 issues that we're talking about, and that's all the case is about, and you got a complaint that was devoid of any suggestion that there had been a filing, you're essentially saying you could win a Trophy 6. No, and that this court has ruled on. It is outside of the record. We would have to say there is no charge. And I would like, while we're talking about this, I'd like to address this Brown case because this case is a case that amicus has cited to support the claim that the district had to produce evidence. And Brown is quite different from the situation with Title VII. In Brown, this court said that the agency there did not allege any breach of a fixed limitations period and thus made no colorable showing of non-exhaustion. Here, we did allege a violation of a fixed limitations period. And in Brown, the evidence, the court said the evidence was in the hands of the defendant. That's correct. It said the relevant records are in the defendant's custody. Those are things that make it very different. I think that, again, this is an affirmative defense, but it is a condition precedent written into the statute, and it would be a huge waste of resources to require a defendant to find out whether a plaintiff has filed a charge when the plaintiff always has that information. It is signed under oath. A plaintiff should know whether they filed an EEOC charge. So the only thing this court has ever held that is bound by here is that the complaint doesn't have to state that. But it's not that clear as to what is a charge and what isn't a charge, right? It is clear. It has to be under oath. It has to be with the EEOC. They have a form. This court has held. It doesn't have to be on the form, though. No, but it has to be under oath. It doesn't have to be on the form that says charge. It has to be under oath. Okay, so he sends a letter to the EEOC or brings a letter in and has a notarized affidavit attaching that says, I want you to bring a claim against the District of Columbia for all of these 100 reasons, and it's signed under oath and notarized. That may well be a charge. That's not what this case is about. That may well be a charge. But my point is that it's not so simple to discern always what is a charge. And that's why it's not something that you do on a 12b-6. Again, like I said, I believe that we would have had a factual question if Mr. Durant had just said in an affidavit that he filed a charge, and then we could have had a dispute over that fact, whether he actually filed the charge. The point is there's no admissible evidence. So for an affirmative defense where you have the burden, he has to put something in the record that shows that at least there's a prima facie case against your affirmative defense. I don't understand how this is supposed to work. This Court has never held that Title VII exhaustion is an affirmative defense that must be factually proven by the defendant. All it has held is that the plaintiff doesn't have to plead it. I don't understand how this is supposed to work if that's not how it works. Well, I would urge you to look, and I could provide you with citations to the Tenth Circuit. There are other courts that have looked at this and have said it's a condition precedent to suit. Yes, the defendant has the right. Are these cases that you cited in your brief or different cases? No. This question that you're asking me did not come up in this appeal. The question in this appeal was whether there was evidence in the record. And I think it would be futile to remand for a question where there is no factual dispute at this point. Again, I see my time is up. I will just say again, Mr. Durant has never asserted that he exhausted his administrative remedies. Well, there's a letter from Mr. Durant to the Office of Human Rights at AA-472 from November 2007. Yes. First of all, hang on. Is this one actually to the Office of Human Rights? Yes. Okay. Sorry. Some of them are to the EDO officer, and those are important to distinguish. Yes. Yes, it's not sworn. It's a letter. It's like a pre-complaint form. And it talks about things that are attached. I mean, part of it is that, you know, I don't know whether we have all the attachments. Well, I don't know whether we do either. But again, Winston and Strachan does not say that the Court can no longer require an opponent at summary judgment to make an argument and point to things in the record. That would pose a horrible burden on the district court. What Winston and Strachan says is you can't treat it as conceded. If there was something that Mr. Durant had that showed that he had filed something sworn under oath that counted as a charge, then we would have a factual question here. But we don't. And it is this Court is certainly not bound. You took the position at summary judgment that there was no charge, right? Yes. I mean, that's the position you take when there's no evidence. We could have said instead of there is no charge, there's no evidence of any charge. What was your red-faced basis for saying there was no charge when there's a right to sue letter? Because the right to sue letter points to it. We didn't say there was no charge ever. We said there was no charge that would exhaust for the claims pre-October 2007. We never said there was no EEOC charge ever. That would have been false. And we picked the October 2007 because of the EEOC charge that was in the motion to dismiss record. So we didn't try to... But you didn't identify below what time period. We did. We said October 2007. You didn't identify below what time period the Court could adjudicate. What were the meets and bounds of a properly exhausted claim? We did. October 2007 to the present. That's what we did. We did not move for summary judgment on exhaustion claims for anything after October 2007. In good faith, we looked at the EEOC charge we had. We moved to dismiss or for summary judgment on the claims that were not exhausted. We do that every day. That's how you litigate Title VII claims. Again, we don't have access to the EEOC's records. They are largely non-responsive to our requests for information. I worked as a trial lawyer. I tried to get their information many times. We don't have the information. So what we do is we say, doesn't look like there's any charge before this. We assert as a fact that there's no charge. If they have evidence that there is a charge. And again, the plaintiff would know. They come forward with it. But that's the October 2007 boundary is not what you're saying the boundary is now that we're here on appeal, right? No, that's exactly the boundary that I'm saying. October 2007. For all of the other claims, we have other arguments for why they fail. But we are not arguing that he failed to exhaust anything besides the October 2007 on appeal. Okay. I guess I misunderstood your position. Thank you for clarifying. Thank you. Okay. I think we're out of time. Give me one minute. I want to clarify a couple of things. One is the statement of undisputed facts that the district filed below didn't mention at all that there had been no filings at the EEOC or the Human Rights Department. It wasn't the fact that they said there was no dispute about it. It's not included in there. My colleague from the district indicated that the right to sue letter wasn't part of the summary judgment proceedings. It actually was. It was an exhibit to Mr. Durant's opposition to the. But so also was the charge that it was based on. Right? Yes. And we know the date of that being 2008. Yes, but I think the indication. One of the questions was that this whole issue of when he filed anything at the EEOC wasn't part of the record in the summary judgment proceedings, but it was. He did file the right to sue letter as part of his opposition to summary judgment. But it's not within the. Correct. You're right. It doesn't save everything. And then the last thing I did want to mention was that at the beginning of the district's argument, my colleague asserted that there was no evidence to suggest the risk was anything but economic based. And the circumstantial evidence of the timing between his filing of lawsuits and a complaint at the EEOC in March of 2010 and his being chosen to be one of only 13 people whose jobs were actually terminated is circumstantial enough. As well as he wasn't one of the people who was then hired back. I read his brief. He didn't say one word in response to the argument that he was discharged due to the rift. The government claims that he's discharged due to the rift. He doesn't respond. That doesn't get him to pretext. All the arguments you're making are ones you're making, but nobody made them below. I understand. But the district court, if it had looked at the full record, as disorganized as it was, would have found these found these points which are in the record. And as a result, based on the record, summary judgment was not warranted. OK. For reversal. Thank you. Mr. Shelley, you've been kind enough to accept the appointment of the court. We're grateful for this. Thank you.
judges: Garland, Wilkins, Edwards